# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES ex rel. RICHARD M. OKEEFFE, JR., M.D.,** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 2:16-CV-48-KS-MTP** |
| **THE RIVER OAKS MANAGEMENT COMPANY, LLC,** *et al.* | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [15]. The Court **denies** the motion **as moot** with respect to Plaintiff's claim of "corporate practice of medicine," but the Court **grants** the motion in all other respects.

## I. BACKGROUND

This is a qui tam action under the False Claims Act ("FCA").[1] Relator/Plaintiff was a physician employed by Defendants. He contends that Defendants conspired to violate the federal Anti-Kickback Statute, the Stark Law, and the False Claims Act by providing payments to physicians as remuneration for referrals of patients, and knowingly submitting claims for reimbursement to Medicare and Medicaid that falsely represented that the claims complied with applicable federal law. Defendants filed a Motion to Dismiss [15], which the Court now addresses.

## II. STANDARD OF REVIEW

---

[1] *See* 31 U.S.C. § 3729, *et seq.*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Additionally, "complaints under the FCA must comply with Rule 9(b), which provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 466 (5th Cir. 2015).

> Rule 9(b) generally requires the plaintiff to plead the time, place, and contents of the false representation and the identity of the person making the representation. However, an FCA claim can meet Rule 9(b)'s standard if it alleges "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."

*United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (quoting

2

*United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). Moreover, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

## III. DISCUSSION

### A. *Counts I & II – Anti-Kickback Statute & Stark Law*

First, Defendants argue that neither the Anti-Kickback Statute nor the Stark Law provide a private right of action. Defendants are correct. Neither the Anti-Kickback Statute[2] nor the Stark Law[3] provide a private right of action. Plaintiff effectively concedes this point, arguing that he may assert a claim under the False Claims Act premised upon violations of the Anti-Kickback Statute or Stark Law. Therefore, the Court grants Defendants' motion with respect to any independent claims under the Anti-Kickback Statute or Stark Law that Plaintiff may have asserted.

### B. *Count III – False Claims Act*

Plaintiff referred to numerous sections of the FCA in his Complaint. Defendants argue that he failed to state a claim under any of them.

---

[2]*See United States ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 F. App'x 890, 893 n. 5 (5th Cir. 2013) (citing 42 U.S.C. § 1320a-7b(b)(1-2)); *Ameritox, Ltd. v. Millenium Labs., Inc.*, 803 F.3d 518, 522 (11th Cir. 2015); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007); *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 37 (D. D.C. 2003); *United States ex rel. Hartwig v. Medtronic, Inc.*, No. 3:11-CV-413-CWR-LRA, 2014 U.S. Dist. LEXIS 44475, at *48 n. 15 (S.D. Miss. Mar. 31, 2014).

[3]*Ameritox*, 803 F.3d at 522; *United States ex rel. Drakeford v. Tuomey Healthcare Sys.*, 675 F.3d 394, 396 (4th Cir. 2012); *United States ex rel. Schiff v. Marder*, 208 F. Supp. 3d 1296, 1316 (S.D. Fla. 2016).

*1. Section 3729(a)(1)(A)*

First, Defendants argue that any claims asserted by Plaintiff under Section 3729(a)(1)(A) must be dismissed because he did not allege any specific false claims, any scheme to submit false claims, or any reliable indicia that false claims were submitted. In response, Plaintiff contends that he has, in fact, pleaded sufficient facts to state a claim under Section 3729(a)(1)(A), but he did not direct the Court to such facts.

Section 3729(a)(1)(A) prohibits "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). To state a claim under Section 3729(a)(1)(A), one must allege: "(1) a false statement or fraudulent course of conduct; (2) that was made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money (i.e., that involved a claim)." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014). The plaintiff must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 190. Such reliable indicia include "dates that services were fraudulently provided or recorded, by whom, and evidence of the department's standard billing procedure." *Id.* at 189. While a plaintiff is not required to plead "exact dollar amounts, billing numbers, or dates to prove . . . that fraudulent bills were actually submitted," *id.* at 190, he is not absolved "of the burden of otherwise sufficiently pleading the time, place, or identity details of the traditional standard, in order to effectuate Rule 9(b)'s function of fair notice and protection from frivolous suits." *Nunnally*, 519 F. App'x at 895.

Plaintiff claims that Defendants violated Section 3729(a)(1)(A) by knowingly presenting claims that falsely certified compliance with the Anti-Kickback Statute. But Plaintiff pleaded no specific facts related to the allegedly false claims. Accordingly, he alleged neither "particular details of a scheme to submit false claims" nor "reliable indicia" to support such an allegation. *Grubbs*, 565 F.3d at 190. Therefore, the Court finds that he failed to state a claim under Section 3729(a)(1)(A). *See id.*; *Nunnally*, 519 F. App'x at 894-95 (where plaintiff failed to allege any particular facts about claims submitted for which defendant expressly certified compliance with federal law, he failed to state a claim under FCA).

   *2.  Section 3729(a)(1)(B)*

Next, Defendants argue that any claims asserted by Plaintiff under Section 3729(a)(1)(B) must be dismissed because Plaintiff did not allege any specific facts regarding allegedly false records or statements in support of a false claim. In response, Plaintiff contends that he has, in fact, pleaded sufficient facts to state a claim under Section 3729(a)(1)(B), but he did not direct the Court to such facts.

Section 3729(a)(1)(B) prohibits "knowingly maki[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). "The recording of a false record, when it is made with the requisite intent, is enough to satisfy the statute." *Grubbs*, 565 F.3d at 192. While allegations of specific incidents may be sufficient to state a claim under Section 3729(a)(1)(B), *id.*, generalized allegations of written certifications are not sufficient to carry a plaintiff's burden under Rule 9(b). *Nunnally*, 519 F. App'x at 895.

5

Like the plaintiff in *Nunnally*, Plaintiff generally alleged that Defendants knowingly caused false certifications and representations of compliance to be made when it submitted false claims for payment. He provided no particular allegations of fact regarding specific documents, records, statements, or the providers who allegedly made them. Such generalized allegations are not sufficient to state a claim for relief under Section 3729(a)(1)(B). *Id.*

### 3. *Section 3729(a)(1)(G)*

Next, Defendants argue that any claims asserted by Plaintiff under Section 3729(a)(1)(G) must be dismissed because Plaintiff did not allege any specific facts to support it. In response, Plaintiff contends that he has, in fact, pleaded sufficient facts to state a claim under Section 3729(a)(1)(G), but he did not direct the Court to such facts.

Section 3729(a)(1)(G), the "reverse false claims" provision, prohibits "knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceal[ing] or knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G). "[A] person is liable under the reverse-FCA provision if he knowingly and improperly avoids an obligation to pay the United States." *United States ex rel. Simoneaux v. E.I. Dupont de Nemours & Co.*, 843 F.3d 1033, 1035 (5th Cir. 2016)."A claim under § 3729(a)(1)(G) requires (1) that the defendant had an obligation to pay money to the government, (2) that the defendant used a false statement to avoid or decrease that obligation, (3) that

the false statement was material, and (4) that the defendant made the false statement knowingly." *United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 811 (E.D. La. 2009). "Where a complaint 'makes no mention of any financial obligation that the [defendants] owed to the government,' and 'does not specifically reference any false records or statements used to decrease . . . an obligation,' the court should dismiss the subsection (a)(1)(G) claim." *United States ex rel. Kester v. Novartis Pharms. Corp.*, 43 F. Supp. 3d 332, 368 (S.D.N.Y. 2014) (quoting *United States ex rel. Wood v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 748 (2d Cir. 2009)).

Here, Plaintiff alleged no specific facts regarding any obligation to pay the government or false statement knowingly made to avoid payment. At best, Plaintiff alleged "a formulaic recitation of the elements" of a claim under Section 3729(a)(1)(G), *PSKS, Inc.*, 615 F.3d at 417, and that is insufficient to meet the requirements of Rule 12(b)(6), much less the more stringent requirements of Rule 9(b). Therefore the Court must dismiss Plaintiff's claim under Section 3729(a)(1)(G).

4. *Section 3730(h)*

Defendant argues that Plaintiff has not alleged sufficient facts to state a claim of retaliation under Section 3730(h). In response, Plaintiff contends that he has alleged sufficient facts.

Section 3730(h) provides a cause of action for those "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of [their] lawful acts . . . in furtherance

7

of an action under" the FCA "or other efforts to stop 1 or more violations" of the FCA. 31 U.S.C. § 3730(h)(1). To state an FCA retaliation claim, a plaintiff must allege sufficient facts to demonstrate: "(1) he engaged in protected activity, (2) his employer, or the entity with which he has contracted or serves as an agent, knew about the protected activity, and (3) he was retaliated against because of his protected activity." *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 323 (5th Cir. 2016).

In his briefing, Plaintiff merely argued: "In his Relator Complaint, O'Keeffe has alleged that Defendants retaliated against him and his wife," without directing the Court to any facts to support a retaliation claim. Regardless, Plaintiff plainly alleged that he voluntarily resigned because of a difference of opinion regarding Defendants' practices. He was not "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment" because, according to his own pleading, all the allegedly retaliatory actions occurred *after* he had voluntarily resigned. And he did not allege constructive discharge. Therefore, Plaintiff failed to state a claim of retaliation under Section 3730(h).

## C.  *"Corporate Practice of Medicine"*

Finally, Defendant argues that Plaintiff's claim of "corporate practice of medicine" must be dismissed. In response, Plaintiff represents that he is not bringing such a claim. Therefore, the Court denies this aspect of Defendant's motion as moot.

## IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendants'

Motion to Dismiss [15]. The Court **denies** the motion **as moot** with respect to Plaintiff's claim of "corporate practice of medicine," but the Court **grants** the motion in all other respects.

SO ORDERED AND ADJUDGED this __18th__ day of __October__, 2017.

                                            __s/Keith Starrett__
                                            UNITED STATES DISTRICT COURT